Casper Moeller et al., appellants, v. Logan Drainage District, appellee.

Filed April 19, 1919. No. 20413.

1. **Drains:** Mandatory Injunction. Courts will not ordinarily, by means of a mandatory injunction, direct a different method of drainage from that adopted in good faith by the district board.

2. ———: Dissolution of District: Objection: Laches. The dissolution of a drainage district, according to law, will not be interfered with at the suit of certain property owners in the district who desire another plan of drainage, who paid their assessments, and who participated in the benefits of the drainage of the district for a number of years, and who did not begin such action until notice of an election to dissolve the district was being given.

Appeal from the district court for Dodge county: Frederick W. Button, Judge. *Affirmed.*

*F. Dolezal* and *Allen Johnson,* for appellants.

*Courtright, Sidner & Lee, contra.*

Letton, J.

The petition alleges the incorporation of the Logan Drainage District; that it built a ditch on the east side of Logan creek near plaintiffs' lands; that by excavation of the ditch Logan creek in this vicinity became filled with silt and destroyed as a watercourse, becoming a series of stagnant pools and destroying the drainage of plaintiffs' lands; that plaintiffs were assessed to pay for such construction and have paid the assessments; that before the excavation of the ditch the plaintiffs' lands were sufficiently drained by Logan creek; that the majority of the landowners in the district own lands up stream from plaintiffs, and have confederated together to dissolve the district for the purpose of evading plaintiffs' rights, and have called an election for the dissolution of the district; that it was the duty of the district to drain the unused portions

of Logan creek and to restore the drainage of plaintiffs' lands. .

The prayer of the petition is to require the defendant to restore the drainage of Logan creek in the vicinity of plaintiffs' lands within a reasonable time, and in an equitable and just manner in regard to assessments; that it be restrained from taking any steps to dissolve itself or proceeding with an election for that purpose; and that it be enjoined "from maintaining and from suffering said stream along and in the vicinity of plaintiffs' lands from being a collection of stagnant pools."

The answer amounts to a plea of laches, estoppel, and want of power to change the flow of drainage. It also pleads acquiescence in the work since 1909, and that plaintiffs have accepted damages and compensation for right of way.

The district court found generally for defendant. No supersedeas bond was filed, and by supplementary proceedings in this court defendant has shown that at an election held by the electors of the district in November, 1917, the district was dissolved unanimously.

In 1909 the defendant drainage district was created to drain the valley of Logan creek. In 1910 ditches were excavated in order to straighten the channel of the creek and prevent overflow. Plaintiffs are landowners living in the district below the intersection of the ditch with the old channel of Logan creek in section 29. The evidence shows that at least two of the plaintiffs, before the ditch was constructed, had tile-drained a part of their lands into the old bed of the creek. Plaintiff Moeller testifies that since the new channel has been constructed the stream below this intersection has ceased to flow in its old channel except during flood; that it is gradually filling up with silt and leaving stagnant ponds; that he had expended a large amount of money in tile-draining his land into the old bed before the ditch was made; that the partial filling of the creek has rendered his tiling useless; the value of his lands

has been depreciated; and that it is impossible for him to extend his tiling across the old bed to the new channel. He desires a new ditch from three to five miles long dug on the west side of the old channel.

In December, 1909, a petition was presented to the drainage district board, signed by several of these plaintiffs, asking that, in constructing the ditch, the board make provision for keeping the channel of the creek open from the south line of section 29 to where Logan creek crosses the Chicago, Burlington & Quincy Railroad. The board voted not to take any steps to close the old channel, but to leave it open to the course of nature, and, as is usual in such conditions, the old channel is gradually filling up with silt deposited by flood waters.

An examination of the record shows that, while plaintiffs all desire some change made in the plan of drainage, they do not seem to agree as to the manner in which the change shall be made. One wants a new ditch west of the old channel, another only wants a larger outlet under a railroad bridge, while still another wants the old bed of the stream cleaned and kept from filling up. For years these plaintiffs acquiesced in the plan of drainage. Just as the district was about to be dissolved, they come into court attempting to compel a change in the plan. There is not sufficient proof to justify the action as one to abate a nuisance. Furthermore, whatever injuries to their land were liable to be suffered by reason of the construction of the ditch were proper elements of damages which plaintiffs had the right to claim from the district at the inception of the proceedings. If the construction of the new channel intercepted the tile drain already in place, this should have been compensated in damages, or a new outlet furnished at that time. It is not shown these were not considered at that time. The failure to make a claim for damages is no ground for staying the orderly process of administration of the defendant's affairs,

or its dissolution. At this time no such action is pending, and there is no proof that the dissolution is sought to avoid the payment of damages. We agree with the district court that no cause of action has been established.

AFFIRMED.

CORNISH, J., not sitting.